UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY D. JONES,

       Plaintiff,

                               CASE NO. 15-12898
v.                               HONORABLE MARK A. GOLDSMITH

BRIAN GAGNIUK,

       Defendant.
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

**I.    INTRODUCTION**

Wayne County Jail inmate Anthony D. Jones ("Plaintiff") has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 asserting that the defendant, criminal defense attorney Brian Gagniuk, is providing ineffective assistance of counsel in his state criminal appellate proceedings. Specifically, Plaintiff claims that the defendant requested a competency hearing without consulting with him. Plaintiff seeks injunctive relief (cancellation of the competency hearing) and monetary damages. The Court has granted Plaintiff leave to proceed without prepayment of the fees and costs for this action. See 28 U.S.C. § 1915(a)(1).

**II.    DISCUSSION**

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress

against government entities, officers, and employees which is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint is to be construed liberally. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. Twombly, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555-56 (citations and footnote omitted).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United

2

States; and (2) the deprivation was caused by a person acting under color of state law. Flagg Bros. v. Brooks, 436 U.S. 149, 155-57 (1978); Harris v. Circleville, 583 F.3d 356, 364 (6th Cir. 2009).

Plaintiff alleges that the defendant, his criminal defense attorney, is not properly representing him in his state criminal proceedings. It is well-settled, however, that appointed and retained attorneys performing traditional functions as defense counsel do not act "under color of state law" and are not state actors subject to suit under 42 U.S.C. § 1983. Polk Co. v. Dodson, 454 U.S. 312, 318, 325 (1981); Elrod v. Michigan Supreme Ct., 104 F. App'x 506, 508 (6th Cir. 2004); see also Cicchini v. Blackwell, 127 F. App'x 187, 190 (6th Cir. 2005) ("Lawyers are not, merely by virtue of being officers of the court, state actors for § 1983 purposes."). Because the defendant is not a state actor subject to suit under § 1983, Plaintiff's complaint against him must be dismissed.

### III. CONCLUSION

The Court concludes that Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 in his complaint. Accordingly, the Court **DISMISSES** his civil rights complaint pursuant to 28 U.S.C. § 1915(e)(2). The Court also concludes that an appeal from this order cannot be taken in good faith. See 28 U.S.C. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 445 (1962).

It is so ordered.

Dated: September 18, 2015          s/Mark A. Goldsmith
    Detroit, Michigan          MARK A. GOLDSMITH
                                                           United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 18, 2015.

                                      <u>s/Carrie Haddon</u>
                                      Case Manager

Dated:  September 18, 2015